**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| NANCY STERN-JONES, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *    Civil Action No. AW-06-1019 |
| | * |
| SHARON L. MARSELAS, et al., | * |
| | * |
| Defendants | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Plaintiff Nancy Stern-Jones ("Plaintiff" or "Stern-Jones") has brought this suit against Sharon L. Marselas, M.D. ("Marselas") and Marselas & Landman, M.D., P.A. ("M&L") (collectively, "Defendants") seeking damages and equitable relief. Plaintiff asserts claims of medical negligence. Currently pending before the Court is Defendants' Motion to Dismiss and, in the Alternative, Motion to Strike [8]. Plaintiff contests this motion. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, this Court will deny Defendants' Motion to Dismiss and, in the Alternative, Motion to Strike.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Court gleans the pertinent facts from the allegations contained in Plaintiff's Complaint. Since one of the motions to dismiss is grounded on an argument that the Complaint is deficient, it is necessary to lift from the Complaint the sufficient factual allegations for review. On or about September 24, 2002, Plaintiff presented to Defendants with complaints of numbness and tingling

1

associated with swelling and weakness in her hands. Defendant Marselas examined Plaintiff and reviewed a cervical MRI study which demonstrated herniated discs at three levels -- C4-5, C5-6 and C6-7. Defendant Marselas recommended that Plaintiff undergo surgery to repair the herniated discs at the three levels.

Plaintiff asserts that Defendants specifically recommended an anterior discectomy and fusion at C4-5, C5-6 and C6-7 with utilization of bank bone and anterior plating, which Defendant Marselas indicated was mandatory. Plaintiff agreed to Marselas' recommendation to undergo surgery. On or about October 9, 2002, Plaintiff was admitted to Southern Maryland Hospital in Prince George's County, Maryland. Plaintiff claims that she, without any explanation, was given a consent form, which indicated a posterior cervical discectomy and fusion at C4-5, C5-6, C6-7, with use of instrumentation. Plaintiff alleges that Defendants did not tell her that the anterior surgery was not going to be performed. Plaintiff further contends that Defendants did not disclose to Plaintiff the nature, probability of success, alternatives, and material risk of negative consequences of the posterior procedure that Defendants performed.

On or about October 9, 2002, Defendant Marselas performed a posterior cervical laminectomy and spinal cord decompression at three levels, C4, C5, and C6, with application of skeletal traction tongs. Plaintiff maintains that Defendants failed to perform the so-called mandatory surgery Marselas recommended and further failed to perform the only surgery she discussed with Plaintiff prior to October 9, 2002, which was the anterior discectomy and fusion at C4-5, C5-6 and C6-7 with utilization of bank bone and anterior plating. Plaintiff claims that Defendant Marselas did not perform the surgery that was referred to in the consent form, which was presented to Plaintiff at Southern Maryland Hospital prior to surgery on October 9, 2002.

Plaintiff attests that Defendant Marselas did not obtain an informed consent for the posterior cervical laminectomy and spinal cord decompression at C4, C5, and C6 with application of skeletal traction tongs because Marselas failed to disclose to Plaintiff that she was going to perform the posterior procedure. Furthermore, Plaintiff alleges that Defendant Marselas performed the incorrect surgery, which failed because it did not resolve the symptoms Plaintiff suffered from prior to the surgery. Plaintiff asserts that the symptoms actually worsened after the surgical procedure was performed and that the subsequent neurological and spinal related damages was a direct and proximate result of Defendants performing the wrong surgery.

Plaintiff contends that Defendants failed to obtain an informed consent for the actual surgery performed, provided negligent treatment, and breached their duties owed to Plaintiff by failing to exercise a reasonable degree of skill, knowledge and care in the course of treatment. Plaintiff alleges that as a direct and proximate result of Defendants' negligent acts, Plaintiff suffered great pain and suffering, was forced to undergo subsequent surgical procedures, and suffered a permanent impairment to her current wages and future earning capacity.

On June 22, 2005, Plaintiff filed a statement of claim ("claim"), a certificate of qualified expert ("certificate"), and an election to waive arbitration ("waiver") with Maryland's Healthcare Alternative Dispute Resolutions Office ("HADRO"). On August 19, 2005, Plaintiff filed this medical negligence action in the Circuit Court for Prince George's County in the State of Maryland. On April 21, 2006, Defendants removed the case here, to federal court. Now Defendants have filed a motion to dismiss and, in the alternative, motion to strike pursuant to F.R. Civ. P. 12(b)(6) and 12(f) and Ann. Code of Md., C.J.Art §3-2A-01, *et seq*. Plaintiff opposes the motion. Defendants' motion is ripe, and the Court now issues this Opinion.

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 12(b)(6), dismissal of a Complaint for failure to state a claim is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a Complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's Complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. V. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allian*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Rainer*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a Complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Thus, a Complaint may be dismissed as a matter of law if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed.1982)).

## ANALYSIS

**I. Defendants' Motion to Dismiss**

### *A. Failure to State a Claim*

Defendants argue that this case should be dismissed because the facts in the Complaint are not sufficiently stated to articulate any recognized cause of action. Defendants further claim that the Plaintiff desired an operation on the cervical area of her spine and consented to such, and therefore Plaintiff fails to state a claim of medical battery. Furthermore, Defendants allege that there has never been any direct allegation that the posterior cervical surgery conducted by Defendant on Plaintiff was a breach of the standard of care or that such a surgery would not have been done by a reasonably competent surgeon of the same status in the same or similar circumstances. Defendants argue that because these allegations are nothing but a list of conclusions, Plaintiff has failed to set out a breach of the standard of care. Lastly, Defendants claim that Plaintiff never alleges that had she been adequately informed that she would have opted to forego the surgery conducted. Accordingly, Defendants argue that Plaintiff has failed to plead a cause of action for lack of informed consent.

On the other hand, Plaintiff contends she has pled sufficient facts to put the Defendants on notice of the claims being made. Plaintiff asserts she has clearly set forth the allegation that Defendants have committed two separate instances of medical negligence: a lack of informed consent and the failure to perform the correct surgery for the Plaintiff's pathology. As to the allegation that Defendants failed to perform the correct surgery, Plaintiff, in her Complaint, pleads the posterior cervical laminectomy and spinal cord decompression that was performed by the Defendants was the incorrect surgery for the Plaintiff's pathology. (Compl. ¶19). Furthermore,

5

Plaintiff alleges that Defendants' failed to obtain informed consent for the procedure performed on her. (Compl. ¶18).

The Plaintiff sets forth additional facts in the Complaint, where she asserts Defendant Marselas specifically recommended an anterior discectomy and fusion at C4-5, C5-6, and C6-7, even referring to the surgery as mandatory for her condition. (Compl. ¶9). Plaintiff claims as a result of Defendant Marselas' recommendation of this mandatory surgery, Plaintiff agreed to undergo an anterior discectomy and fusion at the three levels and subsequently, the surgery for that anterior procedure was scheduled. (Compl. ¶10). Here, a review of the Complaint indicates that Plaintiff has pled sufficient facts to put the Defendants on notice of the claims being made.

As to Plaintiff's second allegation of medical negligence, per Defendants' failure to obtain informed consent, Plaintiff appears to assert allegations consistent with Maryland's first case recognizing lack of informed consent as a cause of action. This case created a doctrine of implied consent that "imposes on a physician, before he subjects his patients to medical treatment, the duty to explain the procedure to the patient and to warn him of any material risks or dangers inherent in or collateral to the therapy, so as to enable the patient to make an intelligent and informed choice about whether or not to undergo such treatment." *Sard v. Hardy*, 379 A.2d 1014, 1020 (Md. 1977). In the instant action, Plaintiff sufficiently alleges that Defendants failed to explain the procedure, precluding Plaintiff from making an intelligent and informed choice as to undergoing such treatment and therefore failing to obtain informed consent.

The "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1984). Rather, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."

6

*Fed. R. Civ. P. 8(a)(2)*. In paragraphs 9-20 of the Complaint, Plaintiff sets forth a factual basis for the informed consent claim. For example, in paragraph 18 of her Complaint, Plaintiff asserts that Defendants did not obtain Plaintiff's informed consent to posterior cervical laminectomy and spinal cord decompression at three levels, C4, C5, and C6, with application of skeletal traction tongs. Here, Plaintiffs argue that Defendant Marselas failed to disclose to Plaintiff that she was going to perform the posterior surgery procedure rather than the anterior procedure.

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must examine the Complaint in the light most favorable to the Plaintiff, and accept all reasonable inferences from the Plaintiff's allegations as true. The Court will grant such motion only if, after accepting all well-pleaded allegations in the plaintiff's Complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of her claim entitling her to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In light of the aforementioned standard for ruling on a motion to dismiss, it is clear the Plaintiff's factual allegations, if developed, support a finding that there was no emergency need for the treatment performed and that Defendants did not inform the Plaintiff of the material risks of the treatment. Because Plaintiff's allegations of facts and the reasonable inferences drawn therefrom provide enough support for Plaintiff's claims, the motion to dismiss will be denied.

### B.  Failure to Comply with the Maryland Statutory Jurisdictional Prerequisite

In addition to Defendants' argument that this case should be dismissed because the facts in the Complaint are not sufficiently stated to articulate any recognized cause of action, Defendants present a second argument to dismiss the case for Plaintiff's failure to state a claim under the Maryland Health Claims Malpractice Act ("Act"). Under Maryland's statutory scheme, a necessary

prerequisite to bringing a malpractice action in court is compliance with the arbitration procedures[1]. A person "having a claim against a health care provider for damage due to a medical injury shall file his claim with the Director [of the Health Claims Arbitration Office.]" §3-2A-04(a)(1). The Act requires arbitration as a condition precedent to the initiation of a medical negligence suit in the appropriate (state) circuit court. As part of the arbitration process, the claimant must also file a certificate of qualified expert, attesting that a defendant's departure from the standard of care is the proximate cause of the alleged injury. §3-2A-04(b).

The issue here is not whether Plaintiff actually filed a certificate of qualified expert in addition to the claim itself, but rather if Plaintiff's simultaneous filing of the claim, certificate, and waiver effectuates proper unilateral waiver under the Act. There is applicable case law from both the Maryland Court of Appeals and the Maryland Court of Special Appeals broadening the precise language of the Act's unilateral waiver provision to read that filing the certificate of qualified expert after, simultaneously, or even prior to the claim will not void the waiver. *See Nelson, et al., v.*

---

[1] **Ann. Code of Md., C.J. Art. §3-2A-06B** provides for the claimant or defendant to unilaterally waive arbitration after filing certificate of qualified expert.
(a) In general. Arbitration of a claim with the Health Care Alternative Dispute Resolution Office may be waived by the claimant or any defendant in accordance with this section, and the provisions of this section shall govern all further proceedings on any claim for which arbitration has been waived under this section.
(b) Waiver by claimant.
   (1) Subject to the time limitation under subsection (d) of this section, any claimant may waive arbitration at any time after filing the certificate of qualified expert required by §3-2A-04(b) of this subtitle by filing with the Director a written election to waive arbitration signed by the claimant or the claimant's attorney of record in the arbitration proceeding.
   (2) The claimant shall serve the written election on all other parties to the claim in accordance with the Maryland Rules.
   (3) If the claimant waives arbitration under this subsection, all defendants shall comply with the requirements of §3-2A-04(b) of this subtitle by filing their certificates at the Health Care Alternative Dispute Resolution Office or, after the election, in the appropriate circuit court or United States District Court.

*Debbas, et al.*, 862 A.2d 1083 (Md. Ct. Spec. App. 2004) (finding that appellants who filed their claim and certificate simultaneously was timely filed) *aff'd,* 885 A.2d 802 (2005); *Azarian, et vir., v. Witte*, 779 A.2d 1043 (Md. Ct. Spec. App. 2001) (interpreting the Act's unilateral waiver provision's requirement as effective if a certificate is filed with, or even before, the waiver of arbitration) *aff'd*, 801 A.2d 160 (2002).

Maryland courts have further narrowed the issue, as to a defective unilateral waiver, as one that fails to include a certificate.  *See Goicochea v. Langworthy,* 694 A.2d 474 (Md. 1997) (dismissing a claim because the plaintiff failed all together to file a certificate attesting to the merit of the plaintiff's claim).  Plaintiffs who fail to file an expert's certification have "failed to arbitrate their claim as required by the statute." *McCready Mem'l Hosp. v. Hauser*, 624 A.2d 1249, 1257 (Md. 1993).  A certificate defective in significant regard is tantamount to filing no certificate at all. *D'Angelo v. St. Agnes Healthcare*, 853 A.2d 813, 822 (Md. Ct. Spec. App. 2002).  However, the standard for a defective certificate does not include one that fails to include the attesting expert's report.  *See Osborne v. Walzer*, 893 A.2d 654 (Md. Ct. Spec. App. 2006) (holding that even a patient's failure to attach the attesting expert's report to the certificate does not require dismissal of the medical malpractice claim or action) *cert. granted, Walzer v. Osborne*, 900 A.2d 749 (Md. 2006).

The importance of the prerequisite of filing a certificate appears to be a vehicle used to put defendants on notice, rather than eliminating plaintiffs right to litigate.  "The obvious purpose of the certificate requirement reflects the Maryland General Assembly's desire to weed out, shortly after suit is filed, nonmeritorious medical malpractice claims." *D'Angelo v. St. Agnes Healthcare, Inc.*, 652, 853 A. 2d 813 (2004), *cert. denied*, *D'Angelo v. St. Agnes Healthcare*, 862 A.2d 993 (Md.

2004). Here, although Defendants vehemently contest the timing as well as service of Plaintiff's waiver of arbitration, they do not challenge whether Plaintiff did indeed file a certificate.

Defendants also contend that Plaintiff failed to serve them with the claim, certificate, and waiver, alluding to an improper service argument, which prejudicially affects their case. Yet, Defendants were eventually on notice of the case when they themselves inquired with the Health Claims Arbitration Office and also when they received the summons from the Circuit Court for Prince George's County.[2] When Defendants contacted HADRO, they were able to obtain copies of the claim, certificate, waiver and thereafter filed their own certificate of expert with this Court as required by the Act. Accordingly, the Court finds inasmuch as the Defendants had access to the claim, certificate, and waiver, the opportunity to file their own certificate, and actual notice of the suit, the Defendants were not prejudiced by any lack of service.

Moreover, it appears the legislative purpose is not for the Act to be strictly construed, but rather the intent is for the Court to examine whether there has been substantial compliance. *See Debbbas, et al. v. Nelson, et al.* 885 A.2d 802, 814 (Md. 2005) (finding that strictly interpreting the limited time period provided for securing a valid certificate might otherwise effectively preclude many malpractice suits from ever proceeding on the merits, an effect clearly distanced from the Maryland General Assembly's intention that the findings and opinions contained therein would be

---

[2] As disclosed during the telephonic conference on September 20, 2006, between all parties to this case, the Court learned of several failed attempts of service of the Statement of Claim, Certificate of Qualified Expert, and Waiver upon the Defendants by Plaintiff. Regardless of whether Defendants were evading service or implementing "stall tactics", the telephonic conference revealed that Defendants were, nevertheless, on notice when Defendants' inquired into Maryland's Healthcare Alternative Dispute Resolutions Office (HADRO) and obtained the State of Claim, Certificate of Qualified Expert, and Waiver of Arbitration. Furthermore, Defendants were properly served with a court summons by the Circuit Court for Prince George's County.

preliminary).  The Court believes Plaintiff has substantially complied with the Act.

Therefore, the Court finds there was in fact substantial compliance with the Act and Defendants were not prejudiced.  Additionally, without any case law specifically on point as to the explicit requirements of any mandatory service at the administrative level and where Defendants have, nevertheless, been effectively put on notice, this Court is hesitant to hold otherwise. Defendants' Motion to Dismiss as to Plaintiff's compliance with the Maryland statutory jurisdictional prerequisite is denied.

## II.  Defendants' Motion, In the Alternative, to Strike

Fed. R. Civ. P. 12(f) provides that "the court may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter."  Although courts are granted "considerable discretion in determining whether to grant relief under Rule 12(f), *see Xerox Corp. v. Imatek, Inc.*, 220 F.R.D. 244, 245 (D. Md. 2004), motions to strike are disfavored and will be denied "unless the matter under challenge has no possible relation to the controversy and may prejudice the other party." *Star Scientific, Inc. v R.J. Reynolds Tobacco Co.*, 174 F. Supp. 2d 388, 396 (D. Md. 2001) (internal citations and quotation marks omitted).

Here, Defendants have filed a motion to strike allegations in paragraphs 9, 10, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23(e) of the Complaint relating to these multiple allegations criticizing Defendants for not providing adequate information prior to surgery, related allegations about failing to perform the surgery recommended,  referring to the surgery as mandatory, failing to perform the procedure agreed to, and failing to perform the surgery that was referred to in the consent form. Defendants urge the Court to issue an order striking this language because it might potentially confuse any future fact-finders and unfairly prejudice Defendants by reiterating criticisms that are

11

immaterial or not of consequence to the inquiry. Plaintiff argues this language should not be stricken because it is an integral part of Plaintiff's case and that it is both relevant and non-prejudicial. This Court agrees with the Plaintiff. The averments in the Complaint are just that. They are simply allegations that may or may not be developed as facts during the course of this litigation. There will be ample opportunity to purge confusing or prejudicial allegations from Plaintiff's Complaint if necessary or to limit matters from being presented to the fact finders. Now, however, seems somewhat premature. Therefore, Defendants' Motion to Strike will be denied.

## **CONCLUSION**

For the reasons stated above, this Court will deny Defendant's Motion to Dismiss and, in the Alternative, Motion to Strike. Meanwhile, the Court will issue a Scheduling Order. An Order consistent with this opinion will follow.

   October 6, 2006
          Date                                          Alexander Williams, Jr.
                                                               United States District Judge